**Fill in this information to identify your case:**

Debtor 1: Khaharrah Monet Latham
(First Name) (Middle Name) (Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name) (Middle Name) (Last Name)

United States Bankruptcy Court for the: _____ District of _____ (State)

Case number (If known): 19-33429

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

Official Form 113

# Chapter 13 Plan

12/17

*FILED*
*UNITED STATES BANKRUPTCY COURT*
*NORTHERN DISTRICT OF ILLINOIS*
*NOV 25 2019*
*JEFFREY P. ALLSTEADT, CLERK*

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$ _____ per months for 60 months
[and $ _____ per _____ for _____ months.] *Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113                Chapter 13 Plan                Page 1

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____.

**2.3 Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ _____.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | ___% | $_____ <br>Disbursed by: <br>☐ Trustee <br>☐ Debtor(s) | $_____ |
| _____ | _____ | $_____ | ___% | $_____ <br>Disbursed by: <br>☐ Trustee <br>☐ Debtor(s) | $_____ |

*Insert additional claims as needed.*

**3.4 Lien avoidance.** Khaharran Moret Latham

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ | a. Amount of lien | $_____ | **Amount of secured claim after avoidance** (line a minus line f) $_____ |
| | b. Amount of all other liens | $_____ | |
| **Collateral** | c. Value of claimed exemptions | + $_____ | **Interest rate** (if applicable) |
| | d. Total of adding lines a, b, and c | $_____ | _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) _____ _____ | e. Value of debtor(s)' interest in property | − $_____ | **Monthly payment on secured claim** $_____ |
| | f. Subtract line e from line d. | $_____ | **Estimated total payments on secured claim** $_____ |
| | Extent of exemption impairment *(Check applicable box):* ☐ **Line f is equal to or greater than line a.** The entire lien is avoided. *(Do not complete the next column.)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column.)* | | |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

**Part 4:** **Treatment of Fees and Priority Claims**

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.00 % of plan payments; and during the plan term, they are estimated to total $ 604.83

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $ 0

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

Check one.

☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☐ The debtor(s) estimate the total amount of other priority claims to be _____.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.

☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☒ 5 % of the total amount of these claims, an estimated payment of $ 11,491.77

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| | $ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ | $ |
| | $ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $ | $ |

*Insert additional claims as needed.*

5.3 **Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ | _____ | $_____ |
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) | $_____ | _____ | $_____ |

*Insert additional contracts or leases as needed.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

☐ plan confirmation.

☐ entry of discharge.

☐ other: _____.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.* Special Intentions:

Student loans will not be paid by trustee.
Progressive Leasing: Debtor rejects this unexpected lease or executory contract
Storage Mart Debtor rejects this unexpected lease or executory contract
_____
_____

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

X _[signature]_
Signature of Debtor 1

Executed on ~~redacted~~
MM / DD / YYYY
11-25-2019

X _____
Signature of Debtor 2

Executed on _____
MM / DD / YYYY

X _____
Signature of Attorney for Debtor(s)

Date _____
MM / DD / YYYY

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Khaharrah Monet Latham

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a. **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*)     $ 0.00

b. **Modified secured claims** (*Part 3, Section 3.2 total*)     $ 0.00

c. **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*)     $ 0.00

d. **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*)     $ 0.00

e. **Fees and priority claims** (*Part 4 total*)     $ 604.83

f. **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*)     $ 11,491.77

g. **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*)     $ 0.00

h. **Separately classified unsecured claims** (*Part 5, Section 5.3 total*)     $ 0.00

i. **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*)     $ 0.00

j. **Nonstandard payments** (*Part 8, total*)     + $ 0.00

Total of lines a through j     $ 12,096.00

```
                             United States Bankruptcy Court
                              Northern District of Illinois
In re:                                                                    Case No. 19-33429-TAB
Khaharrah Monet Latham                                                    Chapter 13
         Debtor                      CERTIFICATE OF NOTICE
District/off: 0752-1           User: bchavez                Page 1 of 3          Date Rcvd: Nov 26, 2019
                               Form ID: pdf001              Total Noticed: 82


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 28, 2019.
28422966       +53rd Bank,    Attn Bankruptcy Dept,    58 Fountain Square Plaza,    Cincinnati, OH 45267-0001
28423573       +American Auto Insurance,    3201 N Harlem Ave #1,    Chicago, IL 60634-4582
28422970      #+Armor Systems Co,    1700 Kiefer Dr Ste 1,   Zion, IL 60099-5105
28422964       +Avis Car Rental Lyft Express Uber,    6 Sylvan Way,   Paraisppany, NJ 07054-3826
28422972      ++CAINE & WEINER COMPANY,    12005 FORD ROAD 300,    DALLAS TX 75234-7262
                (address filed with court: Caine & Weiner,    PO box 5010,    Woodland Hills, CA 91365)
28423248       +Chase Cared Services,    Attn Mark,   201 Walnut St,    Wilmington, DE 19801-2920
28423247       +Chime Bank The Bankcorp Bank,    Attn Bankruptcy Dept,    469 Silverside Rd Ste 105,
                Wilmington, DE 19809
28422974       +City of Berwyn,    6700 W 26th St,   Berwyn, IL 60402-0701
28422975       +City of Chicago,    Office of the City Clerk,    121 N. LaSalle St., Room 107,
                Chicago IL 60602-1266
28423591       +City of Chicago Corporation,    Counsel,   30 N LaSalle St Room 700,    Chicago, IL 60602-2503
28423592       +City of Chicago Dept of Law,    Attn Charles King,   121 North LaSalle Street Suite 600,
                Chicago, IL 60602-1244
28423569        Drive Aso LLC,    220 N Gran St,   Chicago, IL 60607-1702
28423632       +Enterprise Rent A Car,    600 Corporate Park Drive,    Saint Louis, MO 63105-4211
28422988       +FCI,   3703 West Lake ave Ste 310,    Glenview, IL 60026-1266
28422989       +Fed Loan Serv,    POB 60610,   Harrisburg, PA 17106-0610
28423572        First American Bank,    Attn Bankruptcy Dept,    PO Box 0974,   Elk Grove Village, IL 60007
28422990       +First Premier Bank,    601 S Minnesota Ave,   Sioux Falls, SD 57104-4868
28423567       +Getaround HA,    Attn Bankruptcy Dept,    1157 Harrison St,   San Francisco, CA 94103-4508
28422991       +Hertz Corporation,    PO Box 121056,    Dallas, TX 75312-1056
28422965        Hyre Car Inc/Min X Bankruptcy,    Dept Billing Accounting,    555 US St/3ss S Grand Ave,
                Los Angeles, CA 90013-90071
28422993       +Illinois Collection SE,    8231 185th St Ste 100,    Tinley Park, Il 60487-9356
28423633       +Illinois Pathology Associates,    PO Box 5965,   Carol Stream, IL 60197-5965
28422961       +Illinois Secretary of State,    213 State Capital,   Springfield, IL 62756-0001
28423011       +Lakeshore Gastroenterology,    1 Erie Court Ste 3100,    Oak Park, IL 60302-2566
28423012       +Lyft,   3976 N Avondale Ave Ste 2000,    Chicago, IL 60641-2900
28423014       +Navient Solutions Inc,    PO box 16408,   Saint Paul, MN 55116-0408
28423016       +Northwest Insurance,    515 N State St Ste 2100,    Chicago, Il 60654-7066
28423017       +PCC Wellness,    14 W Lake St,   Oak Park, IL 60302-2606
28423077       +PLS,   800 Jorie Blvd,    Oak Brook, IL 60523-2132
28423019       +Peoples Gas Light & Coke Company,    200 E Randolph Street,    Chicago IL 60601-6433
28423079       +Raiser LLC,    1455 Market St Fl 4,    San Francisco, CA 94103-1355
28422962        Ridshore Rental Accounts,    6600 Sunse Blue,    Los Angeles, CA 90028
28423080       +Rogers Auto Group,    2720 S Michigan Ave,   Chicago, IL 60616-2819
28423081       +Rush Card,    dba Unirush Financial Services,    PO Box 42482,   Cincinnati, OH 45242-0482
28422967        Rush University Medical Center,    Attn Bankruptcy Dept,    1633 W Congress Plaza,
                Chicago, IL 60612
28423634       +Secretary of State,    Attn Safety & Financial Resp,    2701 S Dirksen Pkwy,
                Springfield, IL 62723-0002
28423565        Simple Bank,    attn Bankruptcy,    720 N. W Davis T,    Suite 400,   Portland, Or 47209
28423082        State Farm Insurance,    1 State Farm Place,    Bloomington, Il 61701
28423244       +Storage Mart,    4906 W Madison St,   Chicago, Il 60644-3541
28423639       +Storage Mart # 84020,    4906 W Madison St,   Chicago, IL 60644-3541
28423635      #+Surgical Associates of Oak Park,    1 Erie Court,    Oak Park, IL 60302-2510
28423003       +The Illinois Tollway,    PO Box 5544,   Chicago IL 60680-5491
28423084       +Ttl Fin Ac,    2900 West Irving Park,   Chicago, IL 60618-3562
28423568       +Turo Inc,    116 New Montgomery St,   San Francisco, CA 94105-3635
28423571        U S Bank,    Attn Bankruptcy Dept,    800 N Joliet Mall,    Minneapolis, MN 55402
28423086       +UI Health,    1740 W Taylor St,   Chicago, Il 60612-7232
28422959       +Uber Raiser LLC,    1455 Market ST,   Fl 4,    San Francisco, CA 94103-1355
28423566       +UbergoBank,    Attn Bankruptcy Dept,   P.O. box 5100,    Pasadena, CA 91117-0100
28423087       +Univerisy of Phoenix,    4635 E Elwood St,    Phoenix, AZ 85040-1958
28423636       +University of Illinois,    Dept of Radiology,    1740 W Taylor St,    Chicago, Il 60612-7232
28423246       +Varo Money,    Attn Bankruptcy Dept,   PO Box 71337,    Salt Lake City, UT 84171-0337
28423089       +Village of Hillside,    Municipal Complex,   425 Hillside Avenue,    Hillside Il 60162-1215
28423241       +Village of Maywood,    Parking Dept,   40 Madison st,    Maywood, IL 60153-2323
28423242        Village of North Riverside,    2350 S DesPlaines,    North Riverside, Il 60546
28423570       +Wells Fargo & Company,    Attn Bankruptcy Dept,    420 Montgomery St,
                San Francisco, CA 94104-1298
28423574       +West Suburban Hosptial,    3 Erie St,   Oak Park, IL 60302-2599
28423575       +Zipcar Chicago,    160 N Wabash Ave,   Chicago, Il 60601-3606
28423637       +Zipcar Corporate Office,    25 First St 4th Fl,    Cambridge, MA 02141-1802

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
db             +E-mail/PDF: khaharrah@yahoo.com Nov 27 2019 03:11:55      Khaharrah Monet Latham,
                9001 S Ada St,   Apt 1,   Chicago, IL 60620-3513
28423577       +E-mail/Text: g20956@att.com Nov 27 2019 03:18:08      AT&t Mobility,
                Attn Karen Cavagnaro Paralegal,    One AT&T Way Room 3A104,    Bedminister, NJ 07921-2693
28422968       +E-mail/Text: cashnotices@gmail.com Nov 27 2019 03:18:18      Americash Loans,    PO Box 184,
                Des Plaines, Il 60016-0003
```

```
District/off: 0752-1           User: bchavez              Page 2 of 3                   Date Rcvd: Nov 26, 2019
                               Form ID: pdf001            Total Noticed: 82

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
28422969       +E-mail/Text: cashnotices@gmail.com Nov 27 2019 03:18:17     Americash Loans,   880 Lee St #300,
                 Des Plaines, IL 60016-6487
28423576       +E-mail/Text: Harris@ebn.phinsolutions.com Nov 27 2019 03:18:52     Arnold Scott Harris,
                 111 W Jackson ste 400,   Chicago, IL 60604-4135
28422973       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Nov 27 2019 03:22:03
                 Capital One Bank USA N,   Po Box 30281,   Salt Lake City, UT 84130-0281
28422976        E-mail/Text: documentfiling@lciinc.com Nov 27 2019 03:12:23     Comcast,   41112 Concept Dr,
                 Plymouth MI 48170-4253
28422977       +E-mail/Text: comedbankruptcygroup@exeloncorp.com Nov 27 2019 03:18:10
                 Commonwealth Edison Co,   3 Lincoln Center,   Attn: Bankruptcy  Section,
                 Oak Brook Terrace IL 60181-4204
28423631       +E-mail/PDF: creditonebknotifications@resurgent.com Nov 27 2019 03:19:55     Credit One Bank,
                 PO Box 98875,   Las Vegas, NV 89193-8875
28422987       +E-mail/Text: bankruptcynotices@dcicollect.com Nov 27 2019 03:18:01     Diversified Consultant,
                 10550 Deerwood Park Blvd,   Jacksonville, FL 32256-0596
28422992       +E-mail/Text: bankruptcy@hsn.net Nov 27 2019 03:17:59     HSN,   1 HSN Drive,
                 Saint Petersburg, FL 33729-0001
28422960       +E-mail/Text: bkynotice@harvardcollect.com Nov 27 2019 03:18:59     Harvard Collection Service,
                 Dept of Human Services,   4839 N Elston,   Chicago, Il 60630-2534
28423001        E-mail/Text: rev.bankruptcy@illinois.gov Nov 27 2019 03:15:22
                 Illinois Department of Revenue,   Bankruptcy Unit,   P O Box 19035,
                 Springfield IL 62794-9035
28423000       +E-mail/Text: des.claimantbankruptcy@illinois.gov Nov 27 2019 03:18:21
                 Illinois Department of Employment Security,   Bankruptcy Unit Collection Subdivision,
                 33 South State Street 10th Floor,   Chicago IL 60603-2808
28423002       +E-mail/Text: ISAC.Bankruptcy@illinois.gov Nov 27 2019 03:13:54
                 Illinois Student Assistance Commission,   Bankruptcy Department,   1755 Lake Cook Road,
                 Deerfield IL 60015-5215
28423010       +E-mail/Text: bncnotices@becket-lee.com Nov 27 2019 03:14:12     Kohls/Capone,
                 N56 W 17000 Ridgwood Dr,   Menomonee Falls, WI 53051-7096
28423013       +E-mail/Text: bankruptcydpt@mcmcg.com Nov 27 2019 03:15:03     Midland Funding,
                 2365 Northside Dr Ste 30,   San Diego, CA 92108-2709
28423015       +E-mail/Text: clientservices@northwestcollectors.com Nov 27 2019 03:14:28
                 Northwest Collectors,   3601 Algonquin Rd St 23,   Rolling Meadows, IL 60008-3143
28422958       +E-mail/Text: bankruptcy@gopfs.com Nov 27 2019 03:18:28     Prestige Financial/SVS,
                 Attn Bankruptcy Dept,   PO Box 26707,   Salt Lake City, UT 84126-0707
28423638       +E-mail/Text: ecfbankruptcy@progleasing.com Nov 27 2019 03:15:46     Progressive Leasing,
                 256 W Data Drive,   Draper, VT 84020-2315
28423245        E-mail/Text: appebnmailbox@sprint.com Nov 27 2019 03:14:59     Sprint PCS,
                 Attn Bankruptcy Dept,   6200 sprint pkwy,   Overlan Park, KS 66251
28423249        E-mail/Text: bankruptcy@tcfbank.com Nov 27 2019 03:12:21     TCF National Bank,
                 Attn Bankruptcy Dept,   2508 Louis Avenue,   Sioux Falls, South Dakota 57106
28423088       +E-mail/Text: wfmelectronicbankrutcynotifications@verizonwireless.com Nov 27 2019 03:12:17
                 Verizon Wirless,   PO Box 49,   Lakeland, FK 33802-0049
28423243       +E-mail/Text: clerk@oak-park.us Nov 27 2019 03:17:11     Village of Oak Park,
                 Attn Bankruptcy Dept,   123 Madison St,   Oak Park, Il 60302-4295
                                                                                              TOTAL: 24

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
28422963        Cars AGO
28423578*      +City of Chicago,   Office of the City Clerk,   121 N. LaSalle St., Room 107,
                 Chicago IL 60602-1266
28423593*       Comcast,   41112 Concept Dr,   Plymouth MI 48170-4253
28422986      ##+Credit Management LP,   4200 International Pkwy,   Carrollton, TX 75007-1912
28423078      ##+RadAdvantage,   3805 E Bell Rd Ste 5500,   Phoenix, AZ 85032-2189
28423083      ##+Stellar Rec,   1327 Hwy 2 W,   Kalispell, MT 59901-3413
28423085      ##+Turo Inc,   667 Mission St 4th Fl,   San Francisco, CA 94105-4105
                                                                                   TOTALS: 1, * 2, ## 4

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 0752-1          User: bchavez              Page 3 of 3              Date Rcvd: Nov 26, 2019
                              Form ID: pdf001            Total Noticed: 82
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 28, 2019                                          Signature:  /s/Joseph Speetjens

---

### CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 26, 2019 at the address(es) listed below:
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng       USTPRegion11.ES.ECF@usdoj.gov
                                                                                   TOTAL: 2
```